IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-09-0611-01 |
| | § | |
| GILBERTO TENORIO-CUESTA | § | (Civil Action No. H-10-4785) |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Gilbert Tenorio-Cuesta ("Cuesta"), to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Docket No. 44). He has also filed a brief in support. (Docket No. 45). The government has filed a response and a motion to dismiss, arguing that Cuesta is not entitled to relief. (Docket Nos. 48, 49). Cuesta has filed a motion in reply, asking for relief in his favor. (Docket No. 50). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court **denies** Cuesta's motions and **dismisses** the corresponding civil action (H-10-4785) for the reasons set forth below.

I.   BACKGROUND

Cuesta is a national and citizen of Colombia. On March 21, 1996, Cuesta was convicted of possession with intent to deliver a controlled substance, namely, cocaine, in state court cause number 9420917. The 351st District Court for Harris County, Texas, sentenced Cuesta to 5 years' imprisonment, to be served concurrently with another

sentence that Cuesta had received previously in state court cause number 709951 for tampering with a government record. Thereafter, Cuesta was deported from the United States and returned to Colombia.

On October 26, 2008, officials encountered Cuesta in the Harris County Jail, following his arrest on charges of burglary of a habitation. Cuesta was convicted of those charges on April 22, 2009, and sentenced to serve 2 years in state prison. Subsequently, on November 4, 2009, a grand jury in this district returned an indictment against Cuesta, charging him with illegal reentry following deportation after a conviction for an aggravated felony. *See* 8 U.S.C. §§ 1326(a) and (b)(2).

On January 4, 2010, Cuesta entered a guilty plea to the illegal-reentry charges without the benefit of a written plea agreement. After considering a Pre-Sentence Report prepared by the Probation Office, the Court granted Cuesta's motion for a downward departure from the advisory guideline sentencing range, which was 57-71 months' imprisonment in Cuesta's case. After considering all of the arguments, the Court sentenced Cuesta to serve 55 months' imprisonment. Cuesta did not pursue an appeal.

Cuesta now seeks relief from his sentence under 28 U.S.C. § 2255. His sole claim is that he was denied effective assistance of counsel during his sentencing. The government argues that Cuesta is not entitled to relief under 28 U.S.C. § 2255. The parties' contentions are discussed further below under the governing standard of review.

**II.     STANDARD OF REVIEW FOR SECTION 2255 MOTIONS**

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.* Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective-assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal).

The defendant proceeds *pro se* in this matter. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). Nevertheless, *pro se* litigants are still required to provide sufficient

facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.   DISCUSSION

Cuesta seeks relief under 28 U.S.C. § 2255 on the grounds that he was denied his constitutional right to effective assistance of counsel during his sentencing. Cuesta was represented during his guilty plea and sentencing proceedings by Assistant Federal Public Defender Miguel Andres Sanchez-Ross. Cuesta complains that his attorney was ineffective in connection with the sentencing proceeding because he failed to seek a reduction in the term of imprisonment under the "fast track" program. Cuesta fails to establish a valid claim for reasons set forth briefly below under the legal standard that governs ineffective-assistance claims.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. *See* U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v.*

*Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added).  Claims for ineffective assistance of counsel are analyzed under the following two-prong standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).

The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687.  Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.  To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would

received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004); *Glover v. United States*, 531 U.S. 198, 203 (2001).

The "fast track" plea bargain program referenced by Cuesta is outlined in § 5K3.1 of the United States Sentencing Guidelines. This provision authorizes a reduction in sentence under "early disposition" or fast-track programs authorized by the United States Attorney General and the United States Attorney for the district in which the court resides. *See* U.S.S.G. § 5K3.1 (2010); *see also United States v. Morales-Chaires*, 430 F.3d 1124, 1127 (10th Cir. 2005) (describing the fast-track sentencing program that was developed by federal prosecutors in states bordering Mexico). The purpose of fast-track sentencing programs is to conserve prosecutorial and judicial resources by offering reduced sentences in districts that are overburdened by illegal re-entry cases. *See id.*; *see also United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006) (noting that reductions in sentence under the fast-track program "were specifically authorized by statute due to the unique and pressing problems related to immigration in certain districts").

The government notes that, although the fast-track program is offered in certain divisions of the Southern District of Texas, which are located on the border with Mexico, this program is not offered within the Houston Division. The government notes, moreover, that a downward departure under § 5K3.1 requires a motion by the government. No such motion was made in Cuesta's case.

As noted above, Cuesta's defense attorney successfully secured a reduction in the sentence of imprisonment by filing a motion for a downward departure. Cuesta does not show that he was entitled to an additional reduction or that a lower sentence was available under the fast-track program. Under these circumstances, Cuesta does not otherwise show that his defense attorney was deficient in any way. Likewise, because Cuesta fails to show that he was wrongfully denied a lower sentence, he does not demonstrate prejudice. Absent a showing of deficient performance and actual prejudice, Cuesta fails to establish a valid claim for ineffective assistance of counsel. It follows that Cuesta does not demonstrate a valid claim for relief under 28 U.S.C. § 2255.

## IV. CERTIFICATE OF APPEALABILITY

The defendant's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282

(2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the defendant does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The government's motion to dismiss (Docket No. 49) is **GRANTED**.

2. The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docket No. 44) and his motion for relief (Docket No. 50) are **DENIED**.

3. The corresponding civil action (H-10-4785) is **DISMISSED WITH PREJUDICE**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties and will file a copy with the docket in Civil Action No. H-10-4785.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas this 6th day of July, 2011.

_____
Kenneth M. Hoyt
United States District Judge